**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 08-4833**

―――――――

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DAVID EDWARD BOLAND,

        Defendant – Appellant.

―――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00261-RJC-1)

―――――――

Submitted: February 24, 2010      Decided: March 19, 2010

―――――――

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Harold M. Vaught, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Edward Boland pled guilty to receiving visual depictions of a minor engaging in sexually explicit conduct, 18 U.S.C. § 2252(a), (b)(1) (2006) (Count One), and possession of one or more books, magazines, periodicals, films, video tapes or other matter containing any visual depiction of a minor engaging in sexually explicit conduct, 18 U.S.C. § 2252(a)(4)(B), (b)(2) (2006). The district court granted the Government's motion for upward departures and sentenced Boland to 234 months' imprisonment and a life-term of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal, but questioning whether Boland's sentence was legally imposed. Boland has filed a pro se supplemental brief. The Government has not filed a brief. We affirm.

We review for reasonableness all sentences, "whether inside, just outside, or significantly outside the Guidelines range" under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 46. After determining whether the district court properly calculated the defendant's advisory

2

guidelines range, we must then decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50. In imposing its sentence, the district court must place on the record an "individualized assessment" based on the particular facts of the case before it. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted).

To determine whether the district court abused its discretion in imposing Boland's departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable if the sentencing "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

In this case, the district court's sentence was procedurally reasonable. The district court properly adopted

3

the guidelines sentence calculation in the presentence report, which the parties did not dispute. However, as the district court stated on the record, the guidelines calculation did not take into account many aspects of Boland's conduct. The district court listened to the parties' arguments at length and ultimately adequately stated its reasons for granting the Government's motion for upward departures and in imposing a 234-month sentence.

Similarly, Boland's sentence was substantively reasonable. The district court explained that Boland's criminal history category of II substantially under-represented the seriousness of his past criminal conduct and the likelihood he will commit other crimes. Boland admitted that shortly after being paroled on a ten-year federal child pornography sentence, he returned to the same criminal conduct. Furthermore, Boland stated that he did not believe his conduct was wrong. The court therefore departed one criminal history category. See U.S. Sentencing Guidelines Manual § 4A1.3(a) (2007) (a district court may depart upward from an applicable guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . .").

4

Additionally, the district court found that the length and quantity of the videos warranted an upward departure under USSG § 2G2.2. The court found that thirty percent of Boland's collection of videos was videos longer than five minutes in length. See USSG § 2G2.2 & cmt. n.4(B)(ii) (authorizing upward departure if length of recording is substantially more than five minutes). The court considered a one-level departure; however, given the gravity of the criminal conduct, the court departed two levels, noting the staggering amount of lengthy videos, the sadistic and masochistic nature of the series, and the repeated victimization depicted. Furthermore, the court found the number of images possessed by Boland greatly exceeded the number required for a guideline enhancement under USSG § 2G2.2(b)(7)(D) (imposing maximum enhancement of five levels for six hundred images). The court found the sheer quantity of videos as an encouraged basis for departure. See USSG § 2G2.2 & cmt. n.4(B)(i) ("If the number of images under represents the number of minors depicted, an upward departure may be warranted."). Although the district court considered a one-level increase, it did not believe it was adequate to capture the gravity of the criminal conduct. The court therefore departed two levels on this basis, finding Boland's possession of 854,992 images was not adequately taken into consideration by the guidelines. See USSG § 5K2.0(a)(3) (departures based on circumstances present to

5

a degree not adequately taken into consideration in determining the guidelines range).

In considering the § 3553(a) factors, the district court found that the children, including infants, in the videos were subject to extensive and extended abuse beyond what was typical in other cases handled by the court and contemplated in the guidelines. The court also cited the nature and quantity of the images. After finding that Boland posed a serious risk of further crimes, the court stated that the primary purpose of the sentence was to protect the public from further crimes by Boland. The court explained that the terms and conditions of supervised release were insufficient to protect the public and that "its protective function is best served by enhancing the sentence." After establishing a newly calculated advisory guidelines range of 188 to 235 months' imprisonment, the district court deemed a sentence of 234 months appropriate in this case.

Given the district court's meaningful articulation of its consideration of the § 3553(a) factors, and its careful consideration of reasons warranting departure from the guidelines range, we find Boland's departure sentence reasonable. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We further find Boland's claims in his pro se

6

supplemental brief without merit. We therefore affirm the district court's judgment. This court requires that counsel inform Boland, in writing, of the right to petition the Supreme Court of the United States for further review. If Boland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7